UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHAN SEBASTIAN ALZATE CALIXTO
acting on behalf of infant child,
M.A.Y.,

    Petitioner,

v.                      Case No. 8:17-cv-2100-T-33JSS

HADYLLE YUSUF LESMES,

    Respondent.
_____/

**ORDER GRANTING TEMPORARY RESTRAINING ORDER UNDER THE HAGUE CONVENTION**

This cause comes before the Court pursuant to Petitioner Johan Sebastian Alzate Calixto's Motion For Temporary Restraining Order (Doc. # 2), which was filed on September 1, 2017. The Court grants the Motion as set forth below.

**Discussion**

Petitioner initiated this action on September 1, 2017, by filing a Verified Petition for Return of the Child to Colombia (Doc. # 1). At the Court's request, Petitioner filed an Amended Verified Petition with confidential information redacted. (Doc. # 6). Among other allegations, Petitioner claims that the mother of his child, Hadylle

1

Yusuf Lesmes, the Respondent, has wrongfully retained their five-year old daughter in Manatee County, Florida since November 24, 2016.  It should be noted that Petitioner gave his permission for Respondent to travel to Florida with the child, but he only authorized Respondent to stay in Florida with the child for a one-year period.  That one-year period has now expired and Petitioner demands return of the child to Colombia.  Petitioner does not know the whereabouts of the Respondent or the child, but believes that they are located in Manatee County, Florida.  Petitioner has filed the Motion and Petition on an ex parte basis.

Petitioner maintains that the Convention on the Civil Aspects of International Child Abduction, Done at the Hague on October 20, 1980 and the International Child Abduction Remedies Act, 22 U.S.C. § 9001, apply to this situation. Petitioner requests that the Court enter a Temporary Restraining Order barring Respondent from leaving this Court's jurisdiction with the child until a hearing can take place on his Verified Petition to return the child to Colombia.  Petitioner also requests that Respondent be required to surrender all relevant travel documents pending final adjudication of the Verified Petition.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may enter a preliminary injunction or temporary restraining order. To obtain a temporary restraining order, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

To obtain ex parte relief, a party must strictly comply with these requirements. See Emerging Vision, Inc. v. Glachman, No. 10-80734, 2010 U.S. Dist. LEXIS 81165 (S.D. Fla. June 29, 2010); Levine v. Comcoa Ltd., 70 F.3d 1191, 1194 (11th Cir. 1995)("An ex parte temporary restraining order is an extreme remedy to be used only with the utmost caution.").

Based on the record, the Court preliminarily finds that Petitioner will suffer irreparable harm unless this Order is granted. Given that Respondent brought the child to Florida from Colombia, and has refused to return the child to Colombia, there exists a clear risk that Respondent will

further secret the child and herself in violation of the Hague Convention, the ICARA, and other applicable law. According to the Petition, Petitioner has rights of custody with the child, Respondent wrongfully retained the child in Florida, Respondent and the child are citizens of Colombia, Colombia has been the habitual place of residence for the child, and Respondent has prevented Petitioner from seeing his child. The Court accordingly finds that Petitioner has shown that there is a substantial likelihood of success on the merits.

In addition, the Court finds that the threatened injury outweighs any harm the relief would inflict on Respondent, because this Temporary Restraining Order is simply maintaining the status quo. That is, this Order does not address whether either party should have access to or custody over the child on a continuing basis. This ex parte and preliminary determination should not be construed as a comment on the final disposition of the Petition. Instead, and as specified below, this Order requires Respondent to remain in this district with the child until a hearing on the merits of the Verified Petition can take place. Finally,

the Court determines that the issuance of this Temporary Restraining Order will serve the public interest.

The Court having considered the pleadings and Motions in this case, and pursuant to Federal Rule of Civil Procedure 65, **GRANTS** the request for a Temporary Restraining Order as follows:

(1) Respondent is hereby prohibited from removing the child from the jurisdiction of this Court pending a hearing on the merits of the Verified Petition, and no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition to Return the Child to Colombia.

(2) Respondent shall surrender to and the United States Marshal is directed to secure any and all passports, visas, or other travel documents of the child, M.A.Y., and of the Respondent. Respondent is prohibited from directly or indirectly securing substitute travel documents, including a passport, for M.A.Y., or for Respondent pending final adjudication of the Verified Petition.

(3) This matter is hereby referred to Magistrate Judge Julie S. Sneed for an evidentiary hearing on the Verified Petition. (Doc. # 6).

(4) It is further ordered that Petitioner is directed to immediately serve Respondent with a copy of this Order, in accordance with the applicable law governing notice in interstate child custody proceedings (see 22 U.S.C. § 9003(c)) and file proof of service with the Court.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of September, 2017.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE