UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHAN SEBASTIAN ALZATE CALIXTO,

    Petitioner,
v.                               Case No. 8:17-cv-2100-T-33JSS

HADYLLE YUSUF LESMES,

    Respondent.
_____/

**<u>ORDER</u>**

This matter is before the Court on consideration of United States Magistrate Judge Julie S. Sneed's Supplemental Report and Recommendation (Doc. # 81), filed on January 15, 2019. In response to an Opinion from the Eleventh Circuit Court of Appeals, Judge Sneed makes a number of recommended factual findings. Ultimately, she recommends that this Court find that M.A.Y.'s habitual residence changed to the United States based on her parents' shared, unconditional intent.

On January 21, 2019, Petitioner Johan Sebastian Alzate Calixto filed a timely Objection to the Supplemental Report and Recommendation. (Doc. # 82). Respondent Hadylle Yusuf Lesmes responded to the Objection on January 28, 2019. (Doc. # 85). As explained below, after careful consideration, the Court adopts the Supplemental Report and Recommendation.

I.  **Background**

On September 1, 2017, Mr. Calixto filed this action for the return of a child under the Hague Convention on the Civil Aspects of International Child Abduction and its implementing legislation, the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001-9011. (Doc. ## 1, 6). Mr. Calixto is the father of five-year old M.A.Y., and he claims that Ms. Lesmes, M.A.Y.'s mother, has wrongfully retained M.A.Y. in Florida since November of 2016.  He argues that M.A.Y. must be returned to her home country of Colombia.

This Court referred the matter to the Magistrate Judge to hold an evidentiary hearing. (Doc. # 9). The Magistrate Judge held a two-day evidentiary hearing on September 26, 2017, and October 2, 2017. (Doc. ## 33, 43). After considering post-trial briefs (Doc. ## 47, 48), the Magistrate Judge issued her initial Report and Recommendation (Doc. # 49) on October 19, 2017.  That Report and Recommendation reasoned: "Because the United States, not Colombia, is M.A.Y.'s habitual residence, Petitioner cannot establish a prima facie case of Respondent's wrongful retention of M.A.Y.," and therefore Mr. Calixto's Verified Petition to Return the Child to Colombia should be denied. (Id. at 13).

Mr. Calixto filed an Objection to the initial Report and Recommendation (Doc. # 50), and Ms. Lesmes responded. (Doc. # 51). On November 8, 2017, this Court adopted the initial Report and Recommendation and denied Mr. Calixto's Verified Petition for Return of the Child to Colombia. (Doc. # 52). Mr. Calixto filed an appeal. On November 30, 2018, the Eleventh Circuit issued an Opinion remanding the case for further fact finding. (Doc. # 67). The Eleventh Circuit noted: "The critical question, as the district court correctly understood, is whether in November of 2016 M.A.Y. remained a habitual resident of Colombia or whether her habitual residence had changed to the United States." (Id. at 18-19). According to the Eleventh Circuit, "If it is the former, Mr. Calixto established a prima facie case requiring M.A.Y.'s return to Colombia." (Id. at 19). However, the Eleventh Circuit explained that if M.A.Y.'s habitual residence changed to the United States, then "M.A.Y.'s retention was not wrongful under the Convention, and Mr. Calixto's petition fails." (Id.).

The Eleventh Circuit pointed out that this Court "did not resolve the significant conflicts in the testimony, such as the status of the relationship between Mr. Calixto and Ms. Lesmes in November of 2015, the reason for Mr. Calixto's

execution of the travel consent form, and the circumstances surrounding the travel of Ms. Lesmes and M.A.Y. to the United States." (Id. at 16). Further, the Eleventh Circuit noted that this Court failed to "address whether Mr. Calixto's intent to change M.A.Y.'s habitual residence was conditioned upon his joining Ms. Lesmes and M.A.Y. in the United States or whether that intent was vitiated once Mr. Calixto was unable to come to the United States." (Id. at 3). The Eleventh Circuit highlighted the instances where Mr. Calixto and Ms. Lesmes offered differing accounts of critical facts and directed this Court to make further findings of fact to resolve the discrepancies. And, in an effort to prevent subsequent appeals, the Eleventh Circuit directed this Court to address on remand whether the evidence provides either of the alternative means of establishing habitual residence as set forth in Ruiz v. Tenorio, 392 F.3d 1247, 1254 (11th Cir. 2004). (Doc. # 67 at 29). The Eleventh Circuit retained jurisdiction over the appeal in order to issue an expedited ruling. (Id.).

Immediately after receiving the Eleventh Circuit's Opinion remanding the case, this Court held a telephonic status conference with the parties. (Doc. # 68). Because the Magistrate Judge presided over the two-day evidentiary

-4-

hearing, the Court determined that the best course of action was to refer the matter to the Magistrate Judge for supplemental findings in accordance with the Eleventh Circuit's directives. (Doc. # 69).

Thereafter, the Magistrate Judge held a status conference and asked the parties to brief the following issues on an expedited basis:

> a. Whether the parties were still a couple in October of 2015, when Ms. Lesmes returned to Colombia, and in November of 2015, when she and M.A.Y. traveled to the United States;
> b. The reason for Mr. Calixto's execution of the travel consent form and the circumstances surrounding the travel of Ms. Lesmes and M.A.Y. to the United States in November of 2015;
> c. Whether Mr. Calixto's intent to change M.A.Y.'s habitual residence was conditioned upon his joining Ms. Lesmes and M.A.Y. in the United States or whether that intent was vitiated once Mr. Calixto was unable to come to the United States; and
> d. Whether the evidence presented at the hearing provides either of the alternative means of establishing habitual residence set forth in Ruiz v. Tenorio, 392 F.3d 1247, 1254 (11th Cir. 2004).

(Doc. # 73).

The Magistrate Judge held oral argument after receiving the parties' briefs. (Doc. ## 76, 77, 79). On January 15, 2019, she issued her Supplemental Report and Recommendation. (Doc. # 81). The Supplemental Report and Recommendation

squarely addresses each factual issue identified by the Eleventh Circuit, and the Magistrate Judge makes required credibility determinations. The Magistrate Judge comments: "[W]hile Ms. Lesmes appeared credible and forthright in testifying during the evidentiary hearing, Mr. Calixto's demeanor seemed guarded, insincere, and deceptive." (Id. at 6). "Confusing and inconsistent" are the terms used by the Magistrate Judge to describe Mr. Calixto's testimony. (Id. at 7). It is the recommendation of the Magistrate Judge that the Court find the parties' romantic relationship ended in August of 2015, and did not resume, such that the parties were not a couple in October or November of 2015. (Id. at 3-7).

The Magistrate Judge also recommends that this Court find that "the travel consent form indicates Mr. Calixto's agreement that M.A.Y. would move to the United States, and the return date was indication that Mr. Calixto wanted M.A.Y. to visit him if he could not gain entry into the United States." (Id. at 7). The Magistrate Judge explains: "Centrally, because Mr. Calixto and Ms. Lesmes were not a couple [in November of 2015, when he signed the travel consent form], Mr. Calixto's belief that they would travel to the United States as a family is unsupported." (Id.). The Magistrate Judge highlights that Mr. Calixto made no reasonable efforts to gain

permanent residency status in the United States. (Id.). Instead, he only applied for tourist visas, and such visas were denied. (Id.). The Magistrate Judge notes: "The evidence suggests his visa applications were denied because he lied on them." (Id.).

After making numerous factual findings and credibility determinations, the Magistrate Judge finds that "Mr. Calixto shared an unconditional intent to change M.A.Y.'s habitual residence to the United States, regardless of his ability to enter the United States." (Id. at 8). The Magistrate finds that M.A.Y.'s habitual residence changed to the United States, and that the alternative means discussed in Ruiz, 392 F.3d at 1254, were not satisfied. The Magistrate Judge ultimately recommends that this Court "find that M.A.Y.'s habitual residence changed to the United States based on her parents' shared, unconditional intent." (Doc. # 81 at 15).

## II. **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge

review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

### III. **Analysis**

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and the recommendation of the Magistrate Judge. The Report and Recommendation thoughtfully addresses the issues presented, and carefully and completely responds to the Eleventh Circuit's inquiries.

The Court takes note of Mr. Calixto's Objection and overrules the Objection. The Objection is comprised of sixteen arguments, but each argument was thoroughly addressed within the Supplemental Report and Recommendation, or otherwise lacks merit. For instance, Mr. Calixto asserts that

-8-

the Magistrate Judge failed to take into consideration the persuasive case of Mota v. Castillo, 692 F.3d 108 (2nd Cir. 2012), a case that the Eleventh Circuit also thoughtfully analyzed. However, the Supplemental Report and Recommendation describes Mota in detail and successfully distinguishes it. Specifically, the Magistrate Judge points out key differences, such as the fact that the mother and father of the child in Mota were married and that the family in Mota illegally entered into the United States. (Doc. # 81 at 9). In contrast, here, Mr. Calixto and Ms. Lesmes were broken up at the time of M.A.Y.'s departure to the United States. Additionally, Ms. Lesmes and M.A.Y.'s immigration to the United States was legally secured and had been planned for years, with the knowledge and participation of both Mr. Calixto and Ms. Lesmes.

In addition, Mr. Calixto posits that the Magistrate Judge erred by "[d]isregarding the evidence that the child's move to the United States from Colombia was conditional; it was conditioned upon Mr. Calixto being able to travel to the United States and live as a family with the child." (Doc. # 82 at 4). However, the Magistrate Judge thoroughly discredited Mr. Calixto's conditional agreement arguments and showed how Ms. Lesmes offered more credible and consistent accounts of

the situation.  Rather than conditioning M.A.Y.'s residence in the United States on his own ability to join her there, M.A.Y. became a habitual resident of the United States based on the shared, unconditional intent of both of her parents.  The Magistrate Judge found: "[T]he greater weight of the evidence shows that even though Ms. Lesmes and Mr. Calixto were a couple when they agreed M.A.Y. would move to the United States, they separated in August 2015 and continued to agree and take all steps to relocate M.A.Y. to the United States. This shows that Mr. Calixto supported M.A.Y. living in the United States regardless of whether they would move there as a family." (Doc. # 81 at 9).

The Court determines that it is appropriate to adopt the Supplemental Report and Recommendation.  In so doing, the Court is aware of the Eleventh Circuit's strong admonition: "The return remedy is the Convention's central operating feature." Fernandez v. Bailey, 909 F.3d 353, 363 (11th Cir. 2018)(citing Abbott v. Abbott, 560 U.S. 1, 9 (2010)).  The Fernandez Court explains: "Based on the principle that the best interests of the child are well served when decisions regarding custody rights are made in the country of habitual residence, return must be the default in order to lay venue for the ultimate custody determination in the child's country

of habitual residence rather than the country to which the child is abducted." Id. at 363 (citations omitted). In Fernandez, it was undisputed that the abducted children were habitual residents of Panama. The petitioning father established a prima facie case under the Hague Convention for return of the children to Panama, but this Court determined that the respondent mother demonstrated that an exception applied. This Court's analysis of the exception, regarding the children being well settled in the new country, was reversed.

Here, rather than dealing with an exception to repatriation, this Court is called upon to determine whether Mr. Calixto has met his prima facie burden of demonstrating that M.A.Y. was a habitual resident of Colombia. This Court adopts all of the factual findings and credibility determinations of the Supplemental Report and Recommendation and finds that M.A.Y.'s habitual residence changed to the United States based on Mr. Calixto's unconditional intent, which he shared with Ms. Lesmes.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Supplemental Report and Recommendation (Doc. # 81) is **ACCEPTED** and **ADOPTED.**

(2) Petitioner's Objection to the Supplemental Report and Recommendation (Doc. # 82) is **OVERRULED**.

(3) The Clerk is directed to immediately furnish this Order to the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE